24757. GRUBER *et al. v.* TURNER *et al.*

STEPHENS, J. 1. Where the owners and operators of a bus line under a permit for its operation, issued by the public-service commission, agree to obtain from the commission an additional permit to extend the operation of the line over additional territory and to sell and convey the permits to the other parties to the contract, for a consideration of $2000 cash and certain stipulated deferred payments, the $2000 cash "to be paid when said permits have been transferred" to the purchasers, and it is also agreed that the purchasers are depositing $500 in a bank, which sum of money is "to be forfeited" to the sellers "in the event" that the sellers "procure from the public-service commission of Georgia a permit to extend said bus line from Bowdon, Georgia, to the Alabama State line, and a transfer of said permit together with a transfer of the permit now owned" by the sellers from Atlanta to Bowdon, Georgia, and the purchasers "fail to carry out their part of this agreement by the payment of $2000 in cash and executing all deferred notes as described in this contract, and the holder of said deposit is authorized to pay same to" the sellers, before the sellers are entitled to receive the $500 as a forfeit provided by the contract they must actually procure from the public-service commission the permit to extend the bus line as agreed on. This is true notwithstanding the purchasers, before the arrival of the date upon which the cash payment is to be made under the terms of the contract, may have announced their inability to carry out the contract and have refused to carry it out.

2. In a suit by the sellers against the purchasers to recover $500 as the amount of the deposit, where it did not appear from the petition that the public-service commission had issued the permit to extend the line from Bowdon, Georgia, to the Alabama State line, but it appeared only that the plaintiffs had succeeded "in getting the public-service commission to agree to grant a permit to the defendants from Bowdon. Georgia, to the Alabama State line, and the plaintiffs were ready and offered to carry out the terms of said contract," and where it did not appear from the evidence that the plaintiffs had obtained such a permit from the public-service commission, but that the public-service commission had only agreed to issue such a permit, and that the plaintiffs were willing to perform as alleged, the petition failed to set out a cause of action, and the evidence was insufficient to authorize the verdict for the plaintiffs. The court erred in not sustaining the demurrer to the petition as amended, and in overruling the defendants' motion for new trial. *Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 27, 1936.

*Boykin & Boykin,* for plaintiffs in error.
*S. Holderness, Willis Smith,* contra.