26049.  TURNER *et al. v.* GRUBER *et al.*

DECIDED MAY 14, 1937.  REHEARING DENIED JULY 27, 1937.

*Sidney Holderness, Willis Smith,* for plaintiffs.
*Boykin & Boykin,* for defendants.

MacINTYRE, J.  L. M. Turner Jr., H. O. Riggs, and Otis Scott filed their declaration in attachment against G. M. Gruber and A. E. Goldsworthy, to recover $500.  On March 3, 1932, the plaintiffs amended their declaration by amplifying its allegations and pleading a contract whereby the plaintiffs agreed "to sell and convey" to the defendants two permits from the Public-Service Commission of Georgia—one, already held by the plaintiffs, to operate a bus line from Atlanta, Georgia, to Bowdon, Georgia; and another, which was to be procured by the plaintiffs, to operate a bus line from Bowdon to the Alabama line; the consideration for said permits being $2000 cash and $6000 evidenced by certain promissory notes "to be executed upon the transfer of said permits and payment of the $2000 cash."  This contract also provides that the defendants "are this day to deposit in escrow in the Peoples Bank of Carrollton  .  .  the sum of $500, same to be forfeited" to the plaintiffs in the event that they "procure from the Public-Service Commission of Georgia a permit to extend said bus line from Bowdon, Georgia, to the Alabama State line and a transfer of said permit, together with a transfer of the permit now owned by" them, "from Atlanta, Georgia, to Bowdon, Georgia," and the defendants "fail to carry out their part of this agreement by the payment of $2000 in cash and executing all deferred notes as described in this contract."  Paragraph 3 of this amendment avers that "the plaintiffs carried out their part of the contract and succeeded in getting the Public-Service Commission *to agree to grant* a permit to the defendants from Bowdon, Georgia, to the Alabama line, and that plaintiffs *were ready and offered to carry*

out the terms of said contract." (Italics ours.) Paragraph 4 of the amendment alleges that the "defendants failed and refused to carry out their part of the said contract, or to make any payment, or to execute any notes, as provided therein, and that by the terms of said contract, the sum of $500 was forfeited to the plaintiffs." On April 26, 1932, the following amendment was allowed, subject to demurrer: "Plaintiffs notified defendants by letter and telephone that they *had got the Public-Service Commission to agree to grant permit* from Bowdon, Georgia, to Alabama line, and that they were ready to transfer their permit from Atlanta . . to Bowdon, Georgia, and defendants failed and refused to carry out their part of the contract. . . These plaintiffs had obtained the permission from the Public-Service Commission some two months after the contract was executed, and immediately notified defendants some time before this suit was brought." (Italics ours.)

At this stage of the case the court overruled a general and a special demurrer to the declaration as amended. The case then proceeded to trial, and the jury returned a verdict in favor of the plaintiffs. In due course the case reached this court. *Gruber* v. *Turner,* supra. It was held: "Before the sellers are entitled to receive the $500 as a forfeit provided by the contract they must actually procure from the Public-Service Commission the permit to extend the bus line as agreed on." And "This is true notwithstanding the purchasers, before the arrival of the date upon which the cash payment is to be made under the terms of the contract, may have announced their inability to carry out the contract and have refused to carry it out." The second headnote of that case reads: "In a suit by the sellers against the purchasers, to recover $500 as the amount of the deposit, where it did not appear from the petition that the Public-Service Commission had issued the permit to extend the line from Bowdon, Georgia, to the Alabama State line, but it appeared only that the plaintiffs had succeeded 'in getting the Public-Service Commission to agree to grant a permit to the defendants from Bowdon, Georgia, to the Alabama State line, and the plaintiffs were ready and offered to carry out the terms of said contract,' and where it did not appear from the evidence that the plaintiffs had obtained such a permit, . . but that the Public-Service Commission had only agreed to issue

such a permit, and that the plaintiffs were willing to perform as alleged, the petition failed to set out a cause of action, and the evidence was insufficient to authorize the verdict for the plaintiffs. The court erred in not sustaining the demurrer to the petition as amended, and in overruling the defendants' motion for new trial."

Before the remittitur from this court was made the judgment of the trial court the declaration in attachment was further amended. The only parts of that amendment necessary to be set out here are substantially as follows: (c) When "the trade was made" the defendants knew that "the plaintiffs did not care for or need as a part of their business that part of the road leading from Bowdon, Georgia, to the Alabama line, and that it would be a great expense to plaintiffs to operate over that particular road, since there was no business along said road that would authorize the same, and that to procure a permit to operate over the same would not be advantageous to plaintiffs, but was and would be advantageous and profitable to the defendants in their operation of their franchise from points in Alabama to Atlanta, Georgia, by way of Bowdon, Georgia." (d) Having entered into the contract, the plaintiffs "took up the matter with the Public-Service Commission of Georgia, making known to said commission that they . . contemplated a transfer of their franchise to the defendants, as well as what the defendants would need . . to complete their route from the Alabama line." (e) The "Public-Service Commission . . assured them that they would grant the necessary extension and would issue the necessary permits." (f) "Plaintiffs . . made these facts known to the defendants within the time contemplated under the terms of the contract, and defendants then and there advised them that it was unnecessary to procure the necessary permits, as they were insolvent and in the hands of receivership, and that the plaintiffs could consider the trade as being cancelled." (g) "Plaintiffs show that although they were able, ready, and willing to carry out the terms of the contract, but, acting solely upon the statements of the defendants advising them that it was unnecessary to procure said permits, they failed to procure the same for the benefit of said defendants, and, as aforesaid, plaintiffs did not care to operate their lines further than Bowdon, Georgia, terminus." (h) "Plaintiffs aver that having been informed by the defendants that it was unnecessary to pro-

cure said additional permits, as they (the defendants) could not comply with the terms of the contract for the reasons hereinbefore stated, a tender of said permit to the defendants would be a useless formality." (i) "Plaintiffs . . allege that the defendants, knowing that plaintiffs were able, ready, and willing to carry out their terms of the contract, and had conferred with said Public-Service Commission . . so that there could not be any question about obtaining the permits, by not insisting thereon and by telling them that they (the defendants) could not comply with the terms of the contract for the reasons . . stated, and then and there failing to insist that plaintiffs first procure from the Georgia Public-Service Commission the permit to extend said bus line from Bowdon, Georgia, to the Alabama . . line, thereby not only waived the right to insist that plaintiffs first procure from the . . Public-Service Commission a permit to extend said bus lines as aforesaid, but by their declaration, act, and conduct then and there breached the contract and forfeited the $500 deposited in escrow."

A careful reading of this last amendment satisfies us that it did not cure the defects in the declaration pointed out by this court in 52 *Ga. App.* 711. We therefore hold that the former ruling by this court in this case is controlling, and that the judge did not err in sustaining the general demurrer to the petition as amended, and in dismissing the case.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*